UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KATOSH PANTOLIANO,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, RICHMOND
COUNTY DISTRICT ATTORNEY'S
OFFICE, ADA MARK PALLADINO, ADA
MARIO MATTEI, ADA WASZAK, NEW
YORK CITY POLICE DEPARTMENT,
NYPD DETECTIVE GREGORY McCANN
of the IAB, NYPD DETECTIVE VISCONTI
of the IAB, ROBERT ADAMO, and
VIRGINIA ADAMO,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-3108 (SLT)(LB)

**TOWNES, United States District Judge**:

On June 22, 2011, plaintiff Katosh Pantoliano, who is currently incarcerated at the Metropolitan Detention Center in Brooklyn (the "MDC"), commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Constitutional rights in the course of a criminal prosecution which was dismissed six months after plaintiff's arrest. In his original complaint, plaintiff alleged, *inter alia*, that the complaining witnesses, Robert and Virginia Adamo (collectively, "the Adamos"), misidentified plaintiff and falsely testified against him at grand jury proceedings; that Detectives McCann and Visconti (collectively, the "Detectives") arrested plaintiff without probable cause and subjected him to coercive interrogation techniques; and that Assistant District Attorneys Palladino, Mattei, and Waszak (collectively, the "Prosecutors") knowingly presented false testimony to the grand jury and, along with the Detectives, wrongfully concealed the exculpatory evidence which ultimately resulted in dismissal



of all charges against plaintiff. In addition, plaintiff alleged that the City of New York, its Police Department (the "NYPD") and the Richmond County District Attorney's Office failed to adequately supervise and train the individual defendants.

By memorandum and order dated July 7, 2011 (the "Prior M&O"), this Court dismissed plaintiff's claims against the NYPD, the Prosecutors, the Richmond County District Attorney's Office, and the Adamos pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court explained in some detail that the NYPD was not a suable entity; that plaintiff's claims against the Prosecutors were barred by the doctrine of prosecutorial immunity; that the Adamos, as private actors, could not be sued under § 1983 unless plaintiff could allege facts demonstrating that they acted in concert with a state actor to commit an unconstitutional act; and that the Adamos were, in any event, absolutely immune from liability with respect to their testimony before the grand jury. The Court held that plaintiff's remaining claims, against the City of New York and Detectives McCann and Visconti, could proceed and directed service of process on these defendants.

On July 18, 2011, this Court received two letters from plaintiff, both dated July 14, 2011. One letter, addressed to the Clerk of Court, attaches a copy of an "Amendment to Complaint," and requests that this amended pleading be filed. The second letter, addressed to this Court, states that plaintiff was "not able to present [his] Amendment to [his] recently filed complaint before [the] Memorandum and Order because at times it is difficult to attend the Law Library here at the MDC . . . ." Letter to Hon. Sandra L. Townes from Katosh Pantoliano, dated July 14, 2011, at 1. Plaintiff explains that the MDC only allows inmates to use the library for two hours a

week and requests that, in light of his *pro se* status, this Court "order the MDC . . . to give [him] access to the Law Library when [he is] in need of legal assistance and materials . . . ." *Id.*

With respect to plaintiff's first letter, Rule 15(a)(1) of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Since plaintiff's complaint has yet to served, plaintiff is entitled to file his amended pleading.

The filing of the amended complaint, however, does not serve to resurrect plaintiff's claims against any of the defendants who were dismissed from this action by operation of the Prior M&O. Plaintiff's claims against these defendants – as well as plaintiff's claims against Richmond County District Attorney Daniel M. Donovan, Jr., who, like his assistants, enjoys absolute prosecutorial immunity – are dismissed. This Court's Prior M&O is modified, however, to the extent of directing the United States Marshals Service to serve copies of plaintiff's "Amendment to Complaint" and this memorandum and order on the City of New York and Detectives McCann and Visconti, along with the plaintiff's original complaint, the Prior M&O and the summonses issued by the Clerk of Court.

With respect to plaintiff's second letter, this Court lacks jurisdiction over the MDC, which is not a party to this action. Lest plaintiff be tempted to add the MDC as a defendant in this action, plaintiff is advised that the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e,

provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (bracketed material added). This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

## *CONCLUSION*

For the reasons stated above, plaintiff's "Amendment to Complaint," dated July 14, 2011, is deemed to be an amended complaint, which plaintiff is entitled to file as a matter of right. However, the fact that this amended pleading is accepted for filing does not serve to resurrect plaintiff's claims against the Prosecutors, the Richmond County District Attorney's Office, and the Adamos. Moreover, plaintiff's claims against Richmond County District Attorney Daniel M. Donovan, Jr., is dismissed on the ground that he, like his assistants, enjoys absolute prosecutorial immunity with respect to his actions in prosecuting plaintiff.

This Court's Memorandum and Order dated July 7, 2011, is modified solely to the extent of directing the United States Marshals Service to serve copies of plaintiff's "Amendment to Complaint" and this memorandum and order on the City of New York and Detectives McCann and Visconti, along with the plaintiff's original complaint, the Prior M&O and the summonses issued by the Clerk of Court. Plaintiff's request, contained in his letter to this Court dated July 14, 2011, that this Court "order the MDC . . . to give [him] access to the Law Library when [he is] in need of legal assistance and materials," is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis*

status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: July 22, 2011
Brooklyn, New York