UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KATOSH PANTOLIANO,

                                        Plaintiff,

                  -AGAINST-

THE CITY OF NEW YORK, ET AL.,

                                    Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND DETECTIVE VISCONTI**

11 Civ. 3108 (SLT)(SMG)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

       Defendants City of New York ("City") and Detective Michael Visconti ("Visconti") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the amended complaint.

       3.    Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and respectfully refer the Court to the New York City Charter.

       4.    Deny the allegations set forth in paragraph "4" of the amended complaint, except respectfully refer the Court to Article 18 of the New York State County Law, the New York City Charter, and Administrative Code for a recitation of the relationship between the defendant City and the Richmond County District Attorney's Office.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6. Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that defendant McCann and Visconti were employed by the City of New York as police officers at all times material to the amended complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

10. Deny the allegations set forth in paragraph "10" of the amended complaint.

11. Deny the allegations set forth in paragraph "11(a)" of the amended complaint.

12. Deny the allegations set forth in paragraph "11(b)" of the amended complaint.

13. Deny the allegations set forth in paragraph "11(c)" of the amended complaint.

14. Deny the allegations set forth in paragraph "11(d)" of the amended complaint.

15. Deny the allegations set forth in paragraph "11(e)" of the amended complaint.

16. Deny the allegations set forth in paragraph "11(f)" of the amended complaint.

17. Deny the allegations set forth in paragraph "11(g)" of the amended complaint.

18. Deny the allegations set forth in paragraph "11(h)" of the amended complaint.

19. Deny the allegations set forth in paragraph "11(i)" of the amended complaint.

20. Deny the allegations set forth in paragraph "11(j)" of the amended complaint.

21. Deny the allegations set forth in paragraph "11(k)" of the amended complaint.

22. Deny the allegations set forth in paragraph "12" of the amended complaint.

23. Deny the allegations set forth in paragraph "13" of the amended complaint and all its subparts.

24. Deny the allegations set forth in paragraph "14" of the amended complaint, except respectfully refer the Court to Article 18 of the New York State County Law, the New York City Charter, and Administrative Code for a recitation of the relationship between the defendant City and the Richmond County District Attorney's Office.

25. Deny the allegations set forth in paragraph "15" of the amended complaint, except admit that a motion to dismiss all charges was filed by ADA Mark Palladino on April 8, 2009.

26. Deny the allegations set forth in paragraph "16" of the amended complaint.

27. Deny the allegations set forth in paragraph "17" of the amended complaint.

28. Paragraph "18" of the amended complaint is a demand for trial by jury, to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Defendants City and Visconti have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. At all times relevant to the acts alleged in the amended complaint, defendant Visconti acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. Defendant Visconti has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore is protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e, § 50-h, and § 50-i.

### **AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

35. There was probable cause for plaintiff's arrest, detention and prosecution.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

36. Punitive damages cannot be recovered as against the City of New York.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

37. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

38. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of defendants City and Visconti.

### **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

39. Plaintiff provoked any incident.

### **AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:**

40. Plaintiff may have failed to fulfill the conditions precedent to suit.

**WHEREFORE,** defendants City of New York and Detective Michael Visconti request judgment dismissing the Amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 21, 2011

Michael A. Cardozo
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Detective Visconti*
100 Church Street Rm. 3-200
(212) 788-1103
New York, NY 10007

By:       /s/
Suzanna Publicker (SP 1005)
Assistant Corporation Counsel

To: Melanie MacLean (By ECF)
Marlo A. Leach (By ECF)
Sandra Lynn Musumeci (By ECF)
*Attorneys for Plaintiff*
600 Lexington Avenue
42nd Floor
New York, NY 10022

11 Civ. 3108 (SLT)(SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KATOSH PANTOLIANO,

Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, ET AL.,

Defendants.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND MICHAEL VISCONTI**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Detective Visconti*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Suzanna Publicker*
*Tel:  (212) 788-1103*
*NYCLIS No. 2011-022888*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................,2011*

*............................................................Esq.*

*Attorney for ................................................*